UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLEY OVERFIELD, et al., | No. 2:24-cv-0199 TLN AC |
| Plaintiffs, | |
| v. | ORDER |
| WELLPATH COMMUNITY CARE, LLC, et al., | |
| Defendants. | |

This matter is before the court on a motion to compel brought by plaintiffs. ECF No. 69. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement. ECF No. 70. The motion was taken under submission. ECF No. 71. For the reasons set forth below, the motion to compel is DENIED.

**I.   Relevant Background**

This case was initially filed on January 16, 2024, and the operative Second Amended Complaint was filed on August 21, 2024. ECF Nos. 1, 38. Nicholas Overfield ("Nick"), Lesley's son and A.O. and B.O.'s father, was arrested and detained at the El Dorado County Jail for 63 days. ECF No. 38 at 1. Plaintiffs allege Nick repeatedly requested his prescribed HIV medication during that time but was continuously denied. Id. Plaintiffs further allege, as a result of not receiving his prescribed HIV medication, Nick's HIV developed into AIDS and on June

1

21, 2022, Nick died. Id. at 2. Nick's death certificate identified encephalitis varicella zoster virus as the immediate cause of death, and indicated that Nick had contracted the virus two months prior to his death. Id. Accordingly, plaintiffs allege Nick contracted the virus while he was a pre-trial detainee of defendant and under the care of Wellpath, LLC. Id.

Plaintiffs assert the following claims against defendants: municipal liability for an unconstitutional custom or practice under 42 U.S.C. § 1983 ("§ 1983"), and failure to accommodate under Title II of the Americans with Disabilities Act ("ADA"). Id. at 36-43. On November 15, 2024, this litigation was automatically stayed due to parallel bankruptcy proceedings involving defendant Wellpath. ECF No. 54. As a result of the bankruptcy, all claims against the debtor entities, including Wellpath LLC, were discharged. See ECF No. 65. In addition, an injunction was issued, prohibiting the continued pursuit of or litigation of any pre-petition claims against debtor entities. Id. The automatic stay ended on May 8, 2025. ECF No. 70 at 1, citing In re Wellpath Holdings, Inc., Case No. 24-90533 (ARP). The case has been progressing through discovery, both before the stay and after the stay was lifted. On August 27, 2025, plaintiffs filed the motion at bar to compel document production from CFMG. ECF No. 69.

## II. Motion to Compel

A. Overview of Dispute

On May 29, 2024, plaintiffs served their Rule 34 Requests for Production of Documents, Set One (hereinafter "RPDs Set One"), including 12 requests for various financial documents from former defendant Wellpath and defendant California Forensic Medical Group, Inc. ("CFMG"). ECF No. 70 at 1. On October 25, 2024, CFMG served its third amended responses to RPDs Set One.[1] Following meet and confer efforts, CFMG has agreed to provide additional financial information in the form of its 2024 tax returns. ECF No. 70 at 2.

////

---

[1] Plaintiffs cite to, but do not actually attach, exhibits. Because the dispute is concrete and not reliant on the specific content and responses of the RFPs, the court proceeds with its decision regardless.

   The remaining dispute is discrete. Plaintiffs assert that CFMG does not maintain sufficient standalone financial records, so they want CFMG to produce receipts paid to third parties for management service fees (including receipts of payments to discharged defendant Wellpath) in order to determine CFMG's general financial condition. ECF No. 70 at 2. Defendants argue that this request is irrelevant and is a transparent a back-door attempt to get to Wellpath's records. Id. at 5.

  B. Applicable Legal Standards

   The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

  C. Plaintiffs Have Not Shown Relevance or Proportionality

   The court agrees with defendants that plaintiffs have failed to demonstrate that the receipts of payments from CFMG to third party managers, including but not limited to Wellpath, are

1 | reasonably calculated lead to admissible evidence about CFMG's financial status.  While
2 | CFMG's financial status itself is indisputably relevant, the court is unpersuaded that the requested
3 | receipts will provide anything other than a tenuous basis for conjecture.

4 | Plaintiffs argue that "CFMG does not maintain any standalone financials or a general
5 | ledger.  This leaves Plaintiffs in a difficult position to determine the financial condition of
6 | Defendant CFMG—a required showing to establish punitive damages.  While Defendant
7 | CFMG's tax returns offer some insight into the financial condition, more information is needed
8 | to determine the true revenue amounts and costs of Defendant CFMG's operations."  ECF No. 70
9 | at 2.  Plaintiffs assert the receipts of management service fees are "highly relevant" because they
10 | "would help establish a complete picture of [CFMG]'s financial condition."  Id.

11 | The court agrees with defendants that though plaintiffs "are entitled to reasonable
12 | discovery into [CFMG's] financial health for purposes of punitive damages . . . the documents
13 | requested by Plaintiffs are not indicative of its present financial health."  ECF No. 70 at 5.
14 | CFMG states that it has "produced consolidated GAAP audited financials, tax returns, and other
15 | financial information.  The federal tax returns produced to Plaintiffs clearly detail the total
16 | amount of management fees paid during each taxable year."  Id.  The specific receipts will not
17 | provide unique information as to CFMG's financial health.  In light of the fact that CFMG has
18 | agreed to produce material financial information, the court finds no reason to compel it to
19 | produce immaterial financial information.

20 | Though plaintiffs cite two cases in which CFMG was compelled to produce supplemental
21 | financial records (Randall Scott Johnson, et al. v. Wellpath, et al., 2:19-cv-01722-JAM-DB (E.D.
22 | Cal. 2022) at ECF No. 204 and Estate of Maurice Monk, et al. v. Wellpath, et al., Case No. 3:22-
23 | cv-04037-TSH (N.D. Cal. 2022)), neither of the discovery orders in these cases[2] addresses
24 | receipts from third party vendor payments.  If nothing else, the existence of these two orders
25 | indicates that (despite plaintiffs' protestations to the contrary) there are other, more traditional

---

[2] The court notes that the parties' citations and formatting in the joint statement are lacking.  The parties do not clearly cite to specific orders and the formatting of the brief is out of compliance with the Local Rules.  The parties are directed to review Local Rules 130 and 133 prior to future filings.

means of determining the financial status of CFMG. For all of these reasons, the motion to compel must be denied.

### III. Conclusion

The motion to compel at ECF No. 69 is DENIED.

IT IS SO ORDERED.

DATED: September 23, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE