UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LESLY OVERFIELD, et al.,

       Plaintiffs,

       v.

WELLPATH COMMUNITY CARE, LLC, et al.,

       Defendants.

No. 2:24-cv-00199-TLN-AC

**ORDER**

This matter is before the Court on a Motion to Withdraw as counsel for Defendant Dr. Ross Chapman ("Defendant") filed by Peter Bertling and the Bertling Law Group ("Counsel"). (ECF No. 73.) The motion is unopposed. For the reasons set forth below, the Motion to Withdraw is GRANTED.

The Local Rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. *Id.*

1

Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind Inc.*, No. 09-cv-AWI-SKO-01174, 2011 U.S. Dist. LEXIS 34706, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this Circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See, e.g., Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 U.S. Dist. LEXIS 101701, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 U.S. Dist. LEXIS 100776, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 U.S. Dist. LEXIS 10575, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

Counsel seeks to withdraw based on Defendant's failure to authorize continued representation and his lack of communication. (ECF No. 73-1 at 1.) Counsel was originally retained by Wellpath, Defendant's employer. (ECF No. 73-2 at 1.) After bankruptcy proceedings, Wellpath terminated its defense and indemnification for Defendant in this action. (*Id.*) Defendant was notified of the termination and his options to retain or substitute counsel, but Counsel avers Defendant did not retain him, has not authorized continued representation, and has ceased communicating with him. (*Id.* at 2.) Counsel also avers Defendant has not objected to withdrawal after he was notified of Counsel's intent to withdraw. (*Id.*)

Counsel has satisfied Local Rule 182(d). Counsel provided notice to Defendant and filed a declaration with Defendant's last known address. (ECF No. 73-2.) Additionally, withdrawal is proper under the California Rules of Professional Conduct. Specifically, California Rule of Professional Conduct 1.16(b)(4) states an attorney may withdraw from representing a client if the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" Here, Defendant has not retained Counsel, nor authorized continued representation, and he has stopped communicating with Counsel, thus, Defendant has rendered it

2

unreasonably difficult for Counsel to effectively represent him. (ECF No. 73-2 at 2.) Accordingly, the Court finds good cause for Counsel to withdraw.

The Court also finds there is a low risk of prejudice to Defendant in granting this motion, as there are no motions currently pending in this case and Defendant has sufficient time to find alternate counsel.  The other parties in this case have not opposed this motion to state any claim of prejudice by this withdrawal.  Lastly, the Court cannot identify any harm to the administration of justice or possible delay that would result from granting the motion to withdraw.

For the foregoing reasons, the Motion to Withdraw (ECF No. 73) is GRANTED.  The Clerk of Court shall reflect this change on the Court's docket and shall serve Defendant with this Order at P.O. Box 1685, Genoa, NV 89411.

IT IS SO ORDERED.

Date: February 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE