UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLEY OVERFIELD, et al.,,

Plaintiff,

v.

CALIFORNIA FORENSIC MEDICAL GROUP, et al.,

Defendants.

No. 2:24-cv-0199 TLN AC

ORDER

Before the court is plaintiffs' motion to compel further discovery (ECF No. 79) and defendants' motion for a protective order prohibiting the continued Rule 30(b)(6) deposition of Heather Hole about Dr. Ross Chapman's termination from the California Forensic Medical Group, Inc. ("CFMG") (ECF No. 82). Although plaintiff's initial motion to compel also concerned the production of documents (ECF No. 79 at 2), the parties' joint statement essentially reduced the scope of the dispute to the issue of Hole's deposition. ECF No. 84. The court now grants both motions in part as follows.

## I. RELEVANT BACKGROUND

This case was initially filed on January 16, 2024, and the operative Second Amended Complaint was filed on August 21, 2024. ECF Nos. 1, 38. The Second Amended Complaint alleges as follows. Nicholas Overfield ("Nick"), the son of plaintiff Lesley Overfield and the father of minor plaintiffs A.O. and B.O., was arrested and detained at the El Dorado County Jail

for 63 days. ECF No. 38 at 1. Nick repeatedly requested his prescribed HIV medication during that time but was continuously denied. Id. As a result of not receiving his prescribed HIV medication, Nick's HIV developed into AIDS and on June 21, 2022, Nick died. Id. at 2. Nick's death certificate identified encephalitis varicella zoster virus as the immediate cause of death, and indicated that Nick had contracted the virus two months prior to his death. Id. Accordingly, plaintiffs allege Nick contracted the virus while he was a pretrial detainee of defendant and under the care of Wellpath, LLC. Id.

Plaintiffs assert the following claims against defendants: municipal liability for an unconstitutional custom or practice under 42 U.S.C. § 1983 ("§ 1983"), and failure to accommodate under Title II of the Americans with Disabilities Act ("ADA"). Id. at 36-43. On November 15, 2024, this litigation was automatically stayed due to parallel bankruptcy proceedings involving defendant Wellpath. ECF No. 54. As a result of the bankruptcy, all claims against the debtor entities, including Wellpath LLC, were discharged. See ECF No. 65. In addition, an injunction was issued, prohibiting the continued pursuit of or litigation of any prepetition claims against debtor entities. Id. The automatic stay ended on May 8, 2025. ECF No. 70 at 1 (citing In re Wellpath Holdings, Inc., Case No. 24-90533 (ARP)). The case has been progressing through discovery, both before the stay and after the stay was lifted.

## II. LEGAL STANDARD

As a general rule, discovery may be obtained regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts can limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Courts may also issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

26(c)(1). Such an order can, *inter alia*, forbid disclosure or discovery, specify terms and conditions thereof, limit the scope to certain matters or prohibit discovery as to certain matters, and prohibit the parties from sharing confidential commercial information or limit how they do so. Fed. R. Civ. P. 26(c)(1)(A), (B), (D), (G).

If a discovery motion is granted, the court must require the party or deponent whose conduct necessitated the motion to pay expenses incurred in making the motion, unless (i) the motion was filed without good faith attempts to otherwise obtain the discovery, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion is denied, conversely, the court must require the moving party or counsel to pay the opposing party reasonable expenses in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(B).

## III. ANALYSIS

The parties have narrowed the original four issues in their discovery motions to only two. ECF No. 84 at 1-2. Of these two, however, defendant no longer objects to continuing the deposition of Dr. Ross Chapman. ECF No. 84 at 15-16. Nor does defendant explain why the court should not order that this deposition be in Sacramento, California, or compel Dr. Chapman to compensate plaintiffs for attorney's fees and costs incurred through this deposition. See id. at 16; Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

At issue is whether plaintiffs should also receive leave to continue the deposition of CFMG employee Heather Hole as the Rule 30(b)(6) witness regarding the termination of defendant Ross Chapman's employment with CFMG in August 2025. ECF No. 84 at 2. Counsel for defendants previously instructed Hole not to answer questions regarding who terminated Dr. Chapman and why, whether it was due to his failure to show up for work, what absences he recorded in 2025, whether those absences completely covered the period from May 29 to his August 5 termination, and the history described in Dr. Chapman's termination narrative. Id.

When asked what privileges support this instruction, defendants invoked the right to privacy under Article I, Section I of the California Constitution and the California Business Records Act,

arguing that Dr. Chapman needs to consent to this kind of disclosure. See, e.g., ECF No. 84-2 at 7. Resolving a privacy objection "requires a balancing of the need for the information sought against the privacy right asserted." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (citing Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1447 (11th Cir. 1984)).

Plaintiffs argue that the requested information is relevant to their claim that CFMG "had not just instituted a practice of substandard medical care but actually procured employees that would further the goal of providing substandard medical care in order to keep costs low." ECF No. 84 at 7. Defendants hired Dr. Chapman as the only medical professional for 100 inmates, despite the fact that he was a holistic healer who took the job specifically because it would only require him to work one six-hour shift per week. Id. at 4, 7. CFMG then ignored both his truancy and his failure to review records for years, only firing him after litigation to avoid liability. Id. at 7.

Defendants correctly respond, however, that this argument is undermined by Dr. Chapman's sworn testimony that his termination was unrelated to treatment decisions regarding any CFMG patient. Id. at 11 (citing ECF No. 84-1 at 29). Plaintiff cites no evidence to the contrary, responding with only a conclusory refusal to "accept Defendants' word for it[.]" Id. at 7, 11. Dr. Chapman is a more direct source of information about his own termination than a Rule 30(b)(6) witness. See ECF No. 84 at 11 (citing Jones v. Hernandez, No. 16-CV-1986-W(WVG), 2018 WL 539082 at *3, 2018 U.S. Dist. LEXIS 10930 (S.D. Cal. Jan. 23, 2018). Asking Ms. Hole for the same information, without any reason to believe her answer would be different, is "unreasonably cumulative or duplicative" by definition. Fed. R. Civ. P. 26(b)(2)(C).

As to the implications for Dr. Chapman's privacy rights, plaintiffs' argument that the protective order currently in place would prevent any disclosure outside of this case has some merit. ECF Nos. 33, 84 at 7. The argument that he has waived his privacy rights by refusing to further engage in this litigation, however, does not. ECF No. 84 at 6. As defendants note, aside from plaintiffs citing no authority for such an inference, this only happened after Dr. Chapman specifically said that he did not wish to answer further questions about his termination because he felt "annoyed, embarrassed or oppressed" by them. Id. at 11; ECF No. 84-1 at 25-26. Counsel then confirmed that Dr. Chapman's termination letter was withheld based on his constitutional rights,

while asserting that this was not listed in CFMG's prior privilege log because that privilege did not belong to the company. ECF No. 84-1 at 27-28. Dr. Chapman, albeit partially through defendants' counsel, effectively invoked the privilege that plaintiffs now try to argue he has waived.

The court finds that the current record does not support compelling Ms. Hole to respond to questions about Dr. Chapman's termination, in light of the privileges invoked. However, adjudication of these issues may also be premature given the agreement to compel Dr. Chapman to appear for further deposition. He may choose during such deposition to waive the privacy privilege previously invoked. Alternatively, he may provide information that casts doubt on his prior assertion that his termination was unrelated to patient care. The current denial is therefore without prejudice to refiling a motion to compel Hole's further deposition following the continued deposition of Dr. Chapman.

Additionally, the timeline of the discovery motions suggests that sanctioning plaintiffs for the partial denial of this motion – something that defendants do not request – would be unjust. See Fed. R. Civ. P. 37(a)(5)(B). That the joint statement includes a section on Dr. Chapman's further deposition suggests that defendant's acquiescence on this point was a recent development. See ECF No. 82 at 15 (completely omitting sections on "Dispute #2" and "Dispute #3" as having been resolved earlier). Plaintiffs could not have anticipated that they would have a guaranteed opportunity to obtain the desired information from a more direct source than Hole. Sanctions will not be levied based on Plaintiff's motion to further depose Hole.

## IV. CONCLUSION

For the reasons above, **IT IS HEREBY ORDERED that:**

1. Plaintiffs' motion to compel further discovery (ECF No. 79) is:
    a. GRANTED as to the request to order the further deposition of Dr. Ross Chapman in Sacramento, California.
        i. Plaintiffs shall, within 15 days of such deposition, file a memorandum with evidence as to the fees and costs thereby incurred.

b. DENIED as to the motion to compel the further deposition of Heather Hole, but WITHOUT PREJUDICE to refiling such motion after the further deposition of Dr. Chapman.

2. Defendants' motion for a protective order enjoining the further deposition of Heather Hole is GRANTED, until and unless plaintiffs renew their motion to compel such deposition following Dr. Chapman's further deposition.

IT IS SO ORDERED.

DATED: August 11, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE