UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE OVERFIELD, an individual; A.O., a minor, by and through his Guardian ad Litem, SYMBRIA OVERFIELD; B.O., a minor, by and through his Guardian ad Litem, SYMBIRA OVERFIELD,

Plaintiffs,

v.

COUNTY OF EL DORADO, a municipal corporation; CALIFORNIA FORENSICMEDICAL GROUP, a corporation; WELLPATH, LLC, a corporation; ROSS CHAPMAN, M.D.; EMILY WALKER; DARYL LAUFFER; ABDURRAHMAN BILAL; STEPHEN KOWALCZYK, MATTHEW FOXWORTHY, and DOES 1-50, inclusive.,

Defendants.

No. 2:24-cv-0199 TLN AC

ORDER

This case is before the court on a defendant California Forensic Medical Group ("CFMG")'s request to seal the joint statement associated with its motion for a protective order. ECF No. 89 (request to seal). This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). For the reasons set forth below, the motion is DENIED.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). With narrow exceptions not applicable here, there is a "strong presumption in favor of

access." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135. The party must articulate "compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102–03 (9th Cir.1999), which outweigh the presumption of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir.1990)).

A reviewing court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to seal the document. Foltz, 331 F.3d at 1135. The court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad, 49 F.3d at 1434 (citing Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1295 (9th Cir.1986)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).

Here, CFMG contends that the Joint Statement should be sealed because in "includes sensitive financial information designated as confidential pursuant to the protective order entered in this case." ECF No. 89 at 2. CFMG cites E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 395 (E.D. Cal. June 18, 2009) for the proposition that "financial information is 'protected by the right to privacy under California law and these privacy rights are generally recognized in federal court.'" First, the court notes that the cited order in California Psychiatric Transitions addresses a motion to compel, and the issue of sealing records is only tangentially discussed. Second, CFMG quotes the order out of context. The full paragraph reads as follows:

> Defendants properly assert that financial information is protected by the right to privacy under California law and these privacy rights are generally recognized in federal court. Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992). However, the right is not absolute and may be subject to invasion depending on the circumstances. Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D.Cal., 1998). Thus, the right to privacy is not a recognized privilege or

> absolute bar to discovery, but instead is subject to the balancing of needs. Jadwin v. County of Kern, 2008 WL 2916386 at *1 (E.D.Cal., July 28, 2008). In this case, any privacy concerns can be addressed with a protective order. Ultimate admissibility of the information will be reserved for the trial judge at the time of trial.

E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 395 (E.D. Cal. 2009). Though the case does eventually conclude that certain financial and medical records at issue in that case should be protected by filing them under seal, id. at 401, nowhere does the case state that any and all financial records *must* be filed under seal, or that any document containing financial information should automatically be sealed regardless of context.

CFMG also cites Davis v. Leal, 43 F. Supp. 2d 1102, 1106 (E.D. Cal. 1999), for the proposition that financial records are "presumptively privileged." Again, the case is somewhat misrepresented. The Davis court actually wrote that while "private financial information" is "presumptively privileged," certain financial documents or information that has been publicly disseminated retains little, if any privacy protection, and the analysis must be case-by-case. Id. Indeed, the Davis court expressly explained that "a general, undefined assertion of privilege will seldom, if ever, be effective." Id. at 1111.

Here, even under CFMG's theory that financial information is "presumptively privileged," the motion to seal fails because it is an "undefined assertion of privilege." The party seeking to seal a document needs to actually *show* that the document is sensitive and requires sealing; the bald assertion that the document involves finances and therefore should be sealed will not suffice. CFMG does not identify where in the joint statement this sensitive data is located, why any specific information is actually sensitive, or why the document could not be redacted rather than entirely sealed. The undersigned has reviewed the Joint Statement, which was emailed to chambers, and finds that there is no easily identifiable, actually sensitive financial information included. Accordingly, CFMG's motion (ECF No. 89) is DENIED and CFMG is ORDERED to

////

////

////

////

either file the Joint Statement on the public record or withdraw the motion for a protective order (ECF No. 88) within 5 days of this order.

IT IS SO ORDERED.

DATED: October 16, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE