UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE OVERFIELD, an individual; A.O., a minor, by and through his Guardian ad Litem, SYMBRIA OVERFIELD; B.O., a minor, by and through his Guardian ad Litem, SYMBIRA OVERFIELD,

Plaintiffs,

v.

COUNTY OF EL DORADO, a municipal corporation; CALIFORNIA FORENSIC MEDICAL GROUP, a corporation; WELLPATH, LLC, a corporation; ROSS CHAPMAN, M.D.; EMILY WALKER; DARYL LAUFFER;ABDURRAHMAN BILAL; STEPHEN KOWALCZYK, MATTHEW FOXWORTHY, and DOES 1-50, inclusive.,

Defendants.

No. 2:24-cv-0199 TLN AC

ORDER

This matter is before the court on a motion for a protective order brought by defendant California Forensic Medical Group, Inc. ("CFMG"). ECF No. 88. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement. ECF No. 95. The motion was taken under submission. ECF No. 90. For the reasons set forth below, the motion is GRANTED.

////

## I. Relevant Background

This case was initially filed on January 16, 2024, and the operative Second Amended Complaint was filed on August 21, 2024. ECF Nos. 1, 38. Nicholas Overfield ("Nick"), Lesley's son and A.O. and B.O.'s father, was arrested and detained at the El Dorado County Jail for 63 days. ECF No. 38 at 1. Plaintiffs allege that Nick repeatedly requested his prescribed HIV medication during that time but was continuously denied. Id. Plaintiffs further allege that, as a result of not receiving his prescribed HIV medication, Nick's HIV developed into AIDS and on June 21, 2022, Nick died. Id. at 2. Nick's death certificate identified encephalitis varicella zoster virus as the immediate cause of death and indicated that Nick had contracted the virus two months prior to his death. Id. Accordingly, plaintiffs allege Nick contracted the virus while he was a pre-trial detainee of defendant and under the care of Wellpath, LLC. Id.

Plaintiffs assert the following claims against defendants: municipal liability for an unconstitutional custom or practice under 42 U.S.C. § 1983 ("§ 1983"), and failure to accommodate under Title II of the Americans with Disabilities Act ("ADA"). Id. at 36-43. On November 15, 2024, this litigation was automatically stayed due to parallel bankruptcy proceedings involving defendant Wellpath. ECF No. 54. As a result of the bankruptcy, all claims against the debtor entities, including Wellpath LLC, were discharged. See ECF No. 65. In addition, an injunction was issued, prohibiting the continued pursuit of or litigation of any pre-petition claims against debtor entities. Id. The automatic stay ended on May 8, 2025. ECF No. 70 at 1, citing In re Wellpath Holdings, Inc., Case No. 24-90533 (ARP). The case has been progressing through discovery, both before the stay and after the stay was lifted.

On August 27, 2025, plaintiffs filed a motion to compel document production from CFMG, asserting that CFMG does not maintain sufficient standalone financial records and should be required to produce receipts paid to third parties for management service fees (including receipts of payments to discharged defendant Wellpath) in order to determine CFMG's general financial condition. ECF No. 70 at 2. Defendants argued that this request is irrelevant and is a transparent a back-door attempt to get to Wellpath's records. Id. at 5. ECF No. 69. The court agreed with CFMG and denied the motion, explaining that "that though plaintiffs are entitled to

reasonable discovery into CFMG's financial health for purposes of punitive damages . . . the documents requested by Plaintiffs are not indicative of its present financial health." ECF No. 72 at 4, citing ECF No. 70 at 5. The undersigned held that it was sufficient that CFMG had "produced consolidated GAAP audited financials, tax returns, and other financial information," and that the tax returns sufficiently "detail the total amount of management fees paid during each taxable year." Id.

## II. Motion for Protective Order

The motion now before the court was filed on September 9, 2026. ECF No. 88. On August 31, 2026, plaintiffs sent an email to CFMG stating that their financial expert was requesting information about management services fees paid by CFMG to Wellpath LLC, so that the expert could "assess whether the fee-splitting arrangement between [CFMG] and [Wellpath] is commensurate value for the services furnished" pursuant to California Business and Professional Code 650. ECF No. 95 at 2. CFMG argues that this request is improper because CFMG's financial status is relevant only for the purpose of determining punitive damages, and that plaintiffs already have the necessary information to determine CFMG's financial status for punitive damages purposes.

### A. Applicable Legal Standards

In general, parties are entitled to discovery regarding any nonprivileged information that is relevant to any claim or defense in their case. Fed. R. Civ. P. 26(b)(1). Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or

discovery to certain matters." Id.

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).

B. Plaintiffs are Not Entitled to the Requested Discovery

The undersigned has already ruled that CFMG, having "produced consolidated GAAP audited financials, tax returns, and other financial information," has provided sufficient documentation for plaintiffs to assess CFMG's financial health for the purpose of punitive damages. ECF No. 72 at 5. Plaintiffs assert now, to justify seeking the discovery that this court already found irrelevant, that CFMG's 30(b)(6) witness Blair Lukasik testified that Wellpath took undocumented "cash sweeps" from CFMG's account. Plaintiffs argue that because it is unclear how much Wellpath took from CFMG, plaintiffs "cannot assess if CFMG is operating at a profit or loss and neither can his expert." ECF No. 95 at 13. The undersigned is unpersuaded. The court has already held that the financial dealings between Wellpath and CFMG are not relevant to the punitive damages issue, and that plaintiffs already have the information they need to determine CFMG's actual current financial status for punitive damages purposes. Accordingly, the motion for a protective order will be granted.

## III. Conclusion

Defendant CFMG's motion for a protective order (ECF No. 88) is GRANTED.

IT IS SO ORDERED.

DATED: October 30, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE